United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| THE ESTATE OF FRANK J. WOJCIK, ) | |
| Deceased, by its Personal Representative, ) | |
| JOHN WOJCIK, and JOHN WOJCIK, ) | |
| Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:11-CV-215 JVB |
| ) | |
| CITY OF MICHIGAN CITY, *et. al.,* ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On April 30, 2009, Frank Wojcik was killed after Jessica Johnson's car struck his minivan as she fled from Michigan City Police Officer Sean Steele. As a result of this incident, Plaintiffs, the Estate of Frank Wojcik and John Wojcik, individually, sued the City of Michigan City and Officer Steele under 42 U.S.C. § 1983 alleging constitutional violations under the Fourth and Fourteenth Amendments. Plaintiffs also assert a state law negligence claim. Defendants moved to dismiss the Complaint against the City of Michigan City and Officer Steele pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it fails to state a claim upon which relief can be granted. The Court grants Defendant's Motion as to the Fourth Amendment claim, but denies the motion as to the Fourteenth Amendment claim.

**A.     Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.,*

910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 67 F.3d 605, 608 (7th Cir. 1995).

B.     **Factual and Procedural Background**

On April 30, 2009, Officer Steele pulled over Jessica Johnson for speeding (Compl. ¶ 5). Officer Steele reviewed Johnson's driver's license and realized that she was only sixteen years old and should be in school (Compl. ¶ 9). He issued Johnson a warning for speeding and a truancy citation for skipping school (Compl. ¶¶ 8, 9).

Plaintiffs allege that Officer Steele was offended by Johnson's attitude, body language, and verbal response to his requests (Compl. ¶ 7). Furthermore, Officer Steele witnessed Johnson

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

throw the documents into the passenger seat of her vehicle (Compl. ¶ 12). He also heard Johnson mumble something under her breath and asked her what she said (Compl. ¶ 12). Upon receiving no response, Officer Steele replied: "I didn't think so" (Compl. ¶ 12).  After the stop had concluded, Johnson began to exit the parking lot (Compl. ¶ 15). Officer Steele then noticed Johnson put a cigarette in her mouth (Compl. ¶ 16). He pulled Johnson over again and asked for her driver's license (Compl. ¶ 17). Officer Steele explained that he intended to issue Johnson a citation for underage possession of tobacco (Compl. ¶ 17).

As Officer Steele was writing the citation, Johnson began to drive out of the parking lot (Compl. ¶ 20). Johnson was observing all traffic laws when exiting the parking lot (Compl. ¶ 20). Although Officer Steele had Johnson's driver's license and believed that she was heading to her home located in a rural part of LaPorte County, he still decided to pursue Johnson (Compl. ¶ 21, 22). At times, the pursuit reached speeds in excess of 60 miles per hour (Compl. ¶ 26).  Eventually, Johnson ran a stop light at the intersection of Michigan Boulevard and Vail Street in Michigan City and struck Frank Wojcik's minivan ("Decedent") (Compl. ¶ 26). Wojcik died as a result of this collision.

On the date of this incident, the Michigan City Police Department had a policy in place for vehicle pursuits by officers (Compl. ¶ 23). The policy stated: "Vehicle pursuit is justified only when the officer knows or has reasonable grounds to believe the suspect presents a clear and immediate threat to the safety of other motorists, has committed or is attempting to commit a criminal offense, or when the necessity of immediate apprehension outweighs the level of danger created by the pursuit" (Compl. ¶ 23).

In addition to their constitutional claims, Plaintiffs also filed a state wrongful death suit against Defendants in LaPorte Superior Court on December 30, 2009. Plaintiffs amended their

Complaint to include Officer Steele as a Defendant on May 2, 2011. On May 19, 2011, the City of Michigan City and Officer Steele removed the case to this court.

C.     Discussion

**(1)** *Fourth Amendment*

Plaintiffs argue that Officer Steele violated the 4th Amendment to the U.S. Constitution by unreasonably seizing Decedent. They explain that Officer Steele intentionally seized Johnson, and that Decedent was therefore also seized "by extention." (Pls.' Br. 4).

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. "[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Griffin*, 652 F.3d 793, 798 (7th Cir. 2011). Physical force alone is enough to effectuate a seizure, but a showing of authority requires a subsequent "submission" by the person in order to constitute a seizure. *Id*.

Thus, to state a claim that Decedent was unreasonably seized, Plaintiffs must allege that physical force or a showing of authority was used by Officer Steele. Plaintiffs' argument that Decedent was illegally seized fails for two reasons. First, Plaintiffs do not allege that Decedent was seized by physical force. Instead, Plaintiffs concede that Decedent was not the object of the pursuit and that no Michigan City Police vehicle collided with his vehicle. Second, Plaintiffs do not allege that Decedent ever submitted to Officer Steele's show of authority. In fact, Officer Steele never made a show of authority towards Decedent.  In order to effectuate a seizure, the Seventh Circuit requires both a showing of authority and a subsequent submission.

Plaintiffs failed to allege a plausible Fourth Amendment claim that Decedent was unreasonably seized by Officer Steele. Therefore, as to this issue, Defendants' Motion to Dismiss is granted.

**(2)** *Fourteenth Amendment*

Next, Plaintiffs argue that Officer Steele's conduct violated Decedent's Fourteenth Amendment substantive due process rights.  In a substantive due process challenge under § 1983, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). Regarding police pursuits, the Supreme Court has held that "high speed chases with no intent to harm suspects physically or worsen their legal plight do not give rise liability under the Fourteenth Amendment that can be redressed by an action under § 1983." *Id*. at 854.

In the present case, Plaintiffs have alleged that Officer Steele not only had time to deliberate, but also that he had no basis for initiating the pursuit. Since Officer Steele already had Johnson's license, and her offense was only a minor tobacco ticket, Plaintiff argues that Officer Steele's conduct in pursuing Johnson was egregious. Officer Steele believed Johnson was heading to her residence and therefore, he knew where he could find her. Plaintiffs argue that Officer Steele, due to his personal animus towards Johnson, unreasonably pursued her in dangerous weather conditions in order to worsen her legal plight. As a result, Plaintiffs contend that Officer Steele's conduct shocks the conscience.

Furthermore, Plaintiffs argue that this case is different from cases where courts have found that an officer's conduct falls short of shocking the conscience. Plaintiffs argue that in this case, unlike prior cases, Officer Steele was motivated by resentment towards the object of the pursuit, and not by any valid reason under the law.  In light of the allegations against the applicable "shocks the conscience" standard, Plaintiff's Fourteenth Amendment claim survives Defendant's Motion. Therefore, as to this issue, Defendant's Motion to Dismiss is denied.

**(3)** *Municipal Liability*

In order to establish municipal liability under § 1983, a plaintiff must demonstrate that the constitutional violation was a result of a municipal policy, custom or practice. *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694 (1978). In this case, Plaintiffs do not contend that the Michigan City Police Department's policy caused Decedent to suffer a constitutional deprivation. Rather, Plaintiffs contend that the "absence of clear guidance and proper judgment" by Defendants lead to a systematic failure and ultimately a deprivation of rights. Taken as true, Plaintiffs' allegation of a systematic failure could constitute a "custom," and provide sufficient basis for municipal liability. Therefore, Plaintiffs' Fourteenth Amendment claim against Michigan City and Officer Steele survives Defendant's Motion to Dismiss.

**D.     Conclusion**

The Court—

- Grants Defendant's motion as to Plaintiff's Fourth Amendment claim.

- Denies Defendant's motion as to Plaintiff's Fourteenth Amendment claim.

- Denies Defendants' Motion to Dismiss § 1983 claims against Michigan City and Officer Steele based on an absence of municipal liability.

SO ORDERED on February 9, 2012.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE